976 F.2d 46
 298 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Michael Stephen LEVINSON, Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondent.
 No. 92-1204.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 17, 1992.
 
 Before MIKVA, Chief Judge, and BUCKLEY and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the court's order to show cause filed July 6, 1992, the response thereto and the reply, it is
 
 
 2
 ORDERED that the order to show cause be discharged. It is
 
 
 3
 FURTHER ORDERED that the petition for review be dismissed in part. This court lacks jurisdiction to review the February 12, 1992 letter ruling of respondent's Mass Media Bureau, prior to the disposition of petitioner's application for review by respondent. See 47 U.S.C. § 155(c)(7) (time for judicial review of action taken pursuant to delegated authority begins on publication date of Commission's disposition of application for review); Western Union Tel. Co. v. FCC, 773 F.2d 375, 377-78 (D.C.Cir.1985) (time limits for judicial review of FCC action are jurisdictional; court lacks jurisdiction over petitions filed too early or too late); cf. TeleSTAR, Inc. v. FCC, 888 F.2d 132, 133-34 (D.C.Cir.1989) (per curiam) (petition for review of agency order subject of pending, non-mandatory petition for agency reconsideration is "incurably premature," and must be dismissed for lack of jurisdiction). It is
 
 
 4
 FURTHER ORDERED that the petition be denied in part, to the extent that it seeks a writ of mandamus to compel respondent to act on petitioner's pending application for review. See generally Telecommunications Research & Action Center v. FCC, 750 F.2d 70, 79-80 (D.C.Cir.1984). Petitioner has not demonstrated that delay in respondent's disposition of his application has caused or will cause any prejudice to petitioner's ability to request and obtain reasonable access to broadcast time to present his political views. In the absence of such prejudice, or any other factor indicating unreasonable agency delay, mandamus is not appropriate.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.